Jasen, J. (dissenting).
The Fire Commissioner’s finding that petitioner was guilty of the charges herein is supported by substantial evidence. The findings of guilt, sustained by the Appellate Division and all the members of this court, relate to most flagrant wrongdoing. Perhaps the most serious offense was the unauthorized obtaining and selling, over a period of two and a half years, of police and fire badges without any concern for their ultimate use. The dangers to the public inherent in the unauthorized possession and use of police and fire badges are too obvious to require elucidation. Another activity of the petitioner is almost as serious. He was found guilty of being engaged in various extra-departmental employments and businesses without obtaining the necessary approval of the Fire Department, one of which involved the selling of fire extinguishers, an activity expressly prohibited by the department’s regulations. One may well imagine the persuasive effect a fireman, as a salesman, might have on a potential buyer of fire extinguishers. Lastly, the petitioner was found guilty of exhibiting pornographic films and snapshots, as well as possession of other objectional material.
To authorize a major offender, such as the petitioner, who has clearly demonstrated his lack of fitness to hold the position, to remain as a fireman, subject only to a suspension, and to permit him to retire after the expiration of the suspension period would go far towards destroying the Fire Commission *218 er’s ability to maintain appropriate discipline in his department. (People ex rel. Guiney v. Valentine, 274 N. Y. 331, 333-334.)
The test on review is whether the discipline imposed is “ ‘ so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness.’ ” (Matter of McDermott v. Murphy, 15 A D 2d 479, affd. 12 N Y 2d 780.)
The court may by way of review determine only whether the Fire Commissioner has abused his discretion in imposing the measure of punishment. The penalty of dismissal was not an abuse of discretion under the circumstances. I find no sound basis for concluding that the dismissal of the petitioner was “ shocking to one’s sense of fairness.”
Finally, I find no authority for reducing the penalty imposed herein, unless there was an “ abuse of discretion as to the measure or mode of penalty or discipline imposed ”. (CPLR 7803, subd. 3.) Section 487a-12.0 of the Administrative Code of the City of New York provides for two kinds of punishment: forfeiture of pay for not more than ten days for each offense, or dismissal. Clearly, the minimal punishment was intended to cover minor infractions of the rules but, where, as here, there is evidence of substantial wrongdoing, the legislative authority has decreed that the offender cannot be retained on the rolls.
Here, we are concerned with a member of a uniformed force where discipline is essential to its function. It is much more reasonable to conclude that the legislators decided that, except for minor infractions, the punishment to he imposed for conduct involving moral turpitude was dismissal. Indeed, the courts should have no greater power, when it comes to the extent of punishment, than has the Fire Commissioner pursuant to statute. (Administrative Code of City of New York, § 487a-12.0.)
I would reverse the Appellate Division and confirm the Fire Commissioner’s determination in all respects.
Chief Judge Fuld and Judges Burke and Keating concur with Judge Bergan; Judge Jasen dissents and votes to reverse and reinstate the determination of the Fire Commissioner in a separate opinion in which Judges Scileppi and Breitel concur.
Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.